In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, and DORIS A. MALIK, Respondent.— *Per Curiam.* Appeal from so much of an order of the Supreme Court at Special Term as (1) denied petitioner insurer's application to stay arbitration of respondent insured's claim under the automobile accident indemnification endorsement of an automobile liability insurance policy issued by petitioner to respondent, pending a judicial determination of the validity of the disclaimer of liability insurance coverage by an ostensible insurer of the automobile with which respondent's automobile was in collision and (2) directed petitioner to proceed to arbitration of respondent's claim. The "unilateral declaration of noncoverage" by the disclaiming insurer, Lumbermen's, does not preclude judicial inquiry in respect of the validity of the disclaimer and under the statute (Insurance Law, § 167, subd. 2-a; § 600, subd. [2]) appellant insurer, State Farm, is given "an opportunity to litigate before a court, rather than before an arbitrator, the question whether the [disclaiming insurer's] policy failed to take effect or was validly cancelled", that question to be so litigated by "a preliminary jury trial on the question of whether or not the alleged tort-feasor was or was not insured." (*Matter of Motor Vehicle Acc. Ind. Corp.* [*Malone*], 16 N Y 2d 1027, 1029, 1028.) Contrary to respondent's contention, such an opportunity has not been afforded appellant; and Special Term's decision upon the latter's application to stay arbitration was not the judicial determination contemplated by the *Malone* rule; and *Matter of Vanguard Ins. Co.* (*Polchlopek*) (18 N Y 2d 376), cited by respondent, does not support its position, for, as was there said (p. 379) : "Vanguard did not oppose arbitration on the ground that the disclaimer was not a valid one. The validity of the disclaimer is not an issue in this case. If its validity was at issue, arbitration would have been improperly ordered without first holding a trial to resolve that issue. A mere disclaimer, where its validity is in doubt, will not suffice to compel arbitration." Order, insofar as appealed from, reversed, on the law, and application for stay of arbitration, pending a judicial determination of the validity of the disclaimer, granted, without costs. Gibson, P. J.,

Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*